IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARIETTE ARANA ALLENDE,<br><br>Plaintiff,<br><br>v.<br><br>TOM VILSACK, SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>Defendant. | CIVIL NO. 21-1640 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Ariette Arana Allende ("Plaintiff") filed the present case alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 29 U.S.C. Sec. 2000(e)3 ("Title VII") and the American Disabilities ("ADA") 42 U.S.C. § 12101, *et. seq*. Defendant is the Secretary of Agriculture Tom Vilsack ("Defendant") as Plaintiff worked at the United States Department of Agricultural Development Agency ("USDA"). Plaintiff seeks front and back pay, compensatory and punitive damages for emotional pain and suffering, as well as attorney's fees, for Defendant's allegedly discriminatory actions. (Docket No. 1).

On October 19, 2022, Defendant filed a "Motion to Dismiss" averring that Plaintiff's claims are time-barred. (Docket No. 18).  Plaintiff opposed the request for dismissal alleging the claims were timely brought. (Docket No. 25).  Defendant then filed a Reply to Plaintiff's Opposition. (Docket No. 28).

The Court finds that Plaintiff's claims are time-barred and DISMISSES WITH PREJUDICE this case.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). In order to "show" an entitlement to relief, a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Case 3:21-cv-01640-CVR   Document 32   Filed 01/31/23   Page 3 of 14

Ariette Arana Allende v. Tom Vilsack
Opinion and Order
Civil 21-1640 (CVR)
Page 3
_____

# STATEMENT OF FACTS

The Court accepts Plaintiff's allegations as true for purposes of the motion to dismiss. Ponsa-Rabell v. Santander Sec., LLC, 35 F.4th 26, 30 (1st Cir. 2022); O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).

Plaintiff, a Loan Specialist at the USDA, filed two claims before the Equal Employment Opportunity Commission ("EEOC") in 2012 and 2013 alleging discriminatory actions by Defendant, which were subsequently settled. The basis of the present case is the discrimination and retaliation that resulted from those previous cases, as Plaintiff alleges she was forced to file three (3) additional claims before the EEOC as a result of Defendant's conduct. The first claim was filed on June 25, 2015, the second on January 27, 2016 and the third on February 21, 2018.

In synthesis, Plaintiff alleges she suffered harassment and retaliation from Defendant after she filed her first claim before the EEOC in 2012. The harassment and retaliation include the following: sabotaging her system access; being shunned and ostracized at work; being assigned excessive work; being denied certain work requests, compensatory time, and special accommodations; incorrect information being included in her performance evaluation; and disparate treatment in general. These actions culminated on November 8, 2018 when, following the advice of her psychiatrist, Plaintiff tendered an official letter of resignation and requested early retirement. Plaintiff avers she was compelled to resign due to her emotional condition and to avoid further retaliatory actions. She argues that, after unsuccessful attempts to protect her rights as a federal worker and numerous EEOC and formal complaints, she was forced to tender her

resignation when Defendant destroyed her nearly 30-year unblemished career as a federal employee.

## ADMINISTRATIVE HISTORY

### A. Claim number 1 - RD-2014-00799.

Plaintiff's first administrative claim is EEOC Case No. 510-2015- 00340X, Agency Case No. RD-2014-00799. On October 13, 2016, USDA Office of Adjudication ("OA") issued a "Final Order" indicating that Plaintiff had withdrawn her request for a hearing and ordered the USDA to issue a "Final Agency Decision" as to the merits of her claim. The Final Order indicated that the deadline for Plaintiff to file a complaint in the United Stated District Court was "[w]ithin ninety (90) days of receipt of the final action if no appeal has been filed." (Docket No. 18, Exhibit 1, p. 4). Plaintiff received the Final Order on October 18, 2016. As a result of this Final Order, Plaintiff filed a Complaint before this Court on January 17, 2017, Civil No. 17-1067 (RAM) ("The First Civil Case").

As to the substantive claim, on February 1, 2017, the OA issued a "Final Agency Decision" on the merits of Plaintiff's case, which found no discrimination or retaliation by the USDA. This document also indicated that the deadline for Plaintiff to file a complaint in the United Stated District Court was "[w]ithin ninety (90) days of receipt of the final action if no appeal has been filed." (Docket No. 18, Exhibit 2, p. 31). Plaintiff received the Final Agency Decision on February 8, 2017.

The claims arising from this Final Agency Decision were covered in the First Civil Case, as Plaintiff amended her Complaint to include them.

### B. Claim number 2 - RD-2016-00137.

Plaintiff's second administrative claim is EEOC Case No. 550-2016-00377X, Agency Case No. RD-2016-00137. On March 29, 2017, the OA issued a "Final Order" indicating that it was "dismissing the complaint because the Complainant filed in the Federal District Court." The Final Order informed Plaintiff that the deadline for her to file a complaint in the United Stated District Court was "[w]ithin ninety (90) days of receipt of the final action if no appeal has been filed." (Docket No. 18, Exhibit 3, p. 4). Plaintiff received the Final Order on April 7, 2017.

The claims arising from this administrative case were also covered in the First Civil Case filed before this Court.

### C. Claim number 3 - RD-2018-00296.

Plaintiff's third EEOC claim is Agency Case No. RD-2018-00296. On March 7, 2019, the USDA issued a "Final Agency Decision" indicating it was dismissing the complaint to conserve resources because it found that "Complainant's civil action, Arana v. U.S. Department of Agriculture, Case No. 17-cv-01067-PAD (Dist. Puerto Rico filed July 13, 2018 (sic)), encompasses the same claims as in the administrative complaint, Agency Complaint No. RD-2018-00296. In addition, we find 180 days have passed since the filing of the administrative complaint. Accordingly, we are dismissing the instant complaint pursuant to 29 C.F.R. §1614.107(a)(3)." (Docket No. 18, Exhibit 4, p. 4).

Like in the previous cases, this Final Agency Decision provided notice to Plaintiff of her appeal rights, and indicated that the deadline for Plaintiff to file a complaint in the United Stated District Court was "within ninety (90) days of receipt of this final decision if no appeal has been filed." This Final Order was received by Plaintiff on April 7, 2019.

Once again, the claims arising from this administrative case were covered in the First Civil Case.

## D. The First Civil Case in the United States District Court, Civil No. 17-1067 (RAM).

Directly applicable to the present case is the First Civil Case Plaintiff filed before this Court in 2017 and which encompassed the three (3) administrative cases previously discussed. The First Civil Case was ultimately dismissed without prejudice for failure to prosecute. In all material aspects, the Third Amended Complaint filed in the First Civil Case is identical to the present case. See Civil No, 17-1067 (RAM), Docket No. 44.

The timeline in the First Civil Case is as follows:

January 17, 2017 - Plaintiff filed the Complaint.

June 3, 2021 – An Order and Judgment were entered dismissing without prejudice all claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Docket Nos. 81 and 82).

September 1, 2021 - Plaintiff filed a Motion for Reconsideration. (Docket No. 83).

September 8, 2021 – An Order was entered denying Plaintiff's Motion for Reconsideration. (Docket No. 84).

December 31, 2021 - Plaintiff filed the instant Complaint.

## LEGAL ANALYSIS

Defendant's argument is simple, to wit, that this case is time-barred. The final documents sent to Plaintiff at the close of each administrative claim specifically instructed her to appeal or to file a civil action within 90 days of receipt of the last of those decisions. All her administrative claims were ultimately grouped into the First Civil Case, which was

timely filed before this Court. The subsequent dismissal without prejudice of that case, however, failed to toll or interrupt that 90-day window. As Plaintiff received her last administrative decision on April 7, 2019 and filed the present case on December 31, 2021, more than two-and-a-half years passed after that last decision. Therefore, Defendant argues that the case at bar was tardily filed. Additionally, Defendant contends that there are no exceptions for the doctrine of equitable tolling to apply. Thus, the instant case must be dismissed with prejudice.

Plaintiff opposes the request for dismissal, insisting her Complaint was timely because she filed the First Civil Case within 90 days from receipt of the EEO's determinations. She further avers that, because the First Civil Case was dismissed without prejudice for failure to prosecute and not on the merits, the dismissal does not reinitiate any jurisdictional period as her right to file arises from the Court's order dismissing without prejudice and not from the agency's decisions. In other words, Plaintiff seems to argue that, because Civil No. 17-1067 (RAM) was timely filed, that filing somehow tolled or interrupted the term for the filing of the present case, and because the dismissal was effected without prejudice and not decided on the merits, she was therefore free to file the present case.

Thus, the issue in the case at bar boils down to whether the dismissal of the First Civil Case without prejudice served to toll or interrupt that 90-day period, and what effect said dismissal had on this case. The Court agrees with Defendant that the dismissal of the First Civil case, even if it was without prejudice, did not toll or interrupt the 90-day period, and Plaintiff's claims are time-barred. The Court further finds that, even if it the previous dismissal had indeed served to toll, this case would still be time-barred. Finally,

Plaintiff has presented no exceptions for the Court to consider and apply the doctrine of equitable tolling to this case.

### A. Applicable Law.

Plaintiff brings forth two separate claims, under the ADA for disability discrimination and under Title VII for retaliation. The ADA and Rehabilitation Act prohibit discrimination against an otherwise qualified individual based on his or her disability. Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6 (1st Cir. 2004). Although Plaintiff raises claims under the ADA, as Defendant correctly argues, it is the Rehabilitation Act which applies to federal agencies, contractors and recipients of federal financial assistance. See 29 U.S.C. § 701, *et seq.*, Leary v. Dalton, 58 F.3d 748, 751–52 (1st Cir. 1995); Skidmore v. Am. Airlines, Inc., 198 F. Supp. 2d 131, 135 (D.P.R. 2002). The ADA only applies to private employers with over 15 employees and state and local governments, and as Plaintiff was a federal employee, she must seek relief under the Rehabilitation Act. Calero-Cerezo, 355 F.3d at 19 (ADA is not available to federal employees); Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998) ("As a federal employee, Rivera has no remedy for employment discrimination under the ADA"). Although the ADA does not apply to the present case, the case law construing the ADA, in its applicable part, pertains equally to discrimination claims under the Rehabilitation Act. Calero-Cerezo, 355 F.3d at 19-20; Quiñones v. Univ. of Puerto Rico, Civil No. 14-1331, 2015 WL 631327 (D.P.R. Feb. 13, 2015).

Title VII requires that a claimant pursue and exhaust administrative procedures before commencing a lawsuit, and judicial recourse is not a remedy of first resort. Morales-Vallellanes v. Potter, 339 F.3d 9, 19 (1st Cir. 2003); Brown v. General Servs.

Admin., 425 U.S. 820, 832, 96 S.Ct. 1961 (1976).  42 U.S.C. § 2000e-16(c) clearly states that a civil claim may be brought within 90 days of notice of final action being taken by an administrative department, agency or unit, or after 180 days from the filing of an initial charge if there is a failure to take action on the administrative complaint.  Id.

The same exhaustion prerequisite applies to claims under the Rehabilitation Act.  Román-Martínez v. Runyon, 100 F.3d 213, 216 (1st Cir. 1996); Chico-Vélez v. Roche Prods, Inc., 971 F.Supp. 56, 58 (D.P.R. 1997).  The exhaustion of remedies requirement "is not a jurisdictional prerequisite to suit in federal court, but a requirement that … is subject to waiver, estoppel, and equitable tolling", and therefore resembles a statute of limitations.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982).  Failure to exhaust therefore bars the courthouse door.  Franceschi v. United States VA, 514 F.3d 81, 85 (1st Cir. 2008).

The First Circuit has often stated that it takes a "narrow view" of exhaustion requirements and that equitable tolling is not intended to protect a plaintiff who fails to exercise due diligence.  Frederique-Alexandre v. Dep't of Natural & Envtl. Res., 478 F.3d 433, 440 (1st Cir. 2007) (*quoting* Mack v. Great Atl. & Pac. Tea Co., Inc., 871 F.2d 179, 185 (1st Cir. 1989)).  Equitable tolling requires exceptional circumstances and a claimant bears an uphill burden of establishing that he or she is entitled to equitable relief.  Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005) ("we invoke those exceptions sparingly and interpret them narrowly").

The Supreme Court has limited equitable tolling essentially to situations where: (1) the claimant lacks actual or constructive notice of the filing requirement; (2) a court has led a plaintiff to believe that he has done all that its required of him; (3) affirmative

misconduct on the part of the defendant lulled the plaintiff into inaction; and (4) situations where a timely motion for appointment of counsel is pending before the court. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723 (1984).

**B. Analysis.**

The leading case in this District regarding the issue the Court faces today and with facts remarkably akin to the current case is Chico-Vélez v. Roche Prods., Inc., 971 F.Supp. 56 (D.P.R. 1997).

In Chico-Vélez, plaintiff filed his lawsuit ninety-seven (97) days after the dismissal without prejudice of his first complaint for failure to retain substitute counsel. Although his new complaint included additional state claims, the claim which conferred subject matter jurisdiction upon the court was the ADA, as in his first suit.[1] At that time, the First Circuit had not yet decided the effect of a dismissal without prejudice of a timely filed prior complaint on a subsequent complaint. The District Court, through the Honorable Judge Salvador Casellas, analyzed the caselaw from other circuits and concluded the case was time-barred as "[a] dismissal without prejudice does not toll a statute of limitations" and consequently, "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." Id. at 60.

The Court of Appeals affirmed finding that the dismissal of Plaintiff's first case without prejudice operated as if nothing had been previously filed, and the 90 days were to be counted from a claimants' receipt of the final letter addressing the EEOC claims. Chico-Vélez v. Roche Prods., Inc., 139 F.3d 56, 58-59 (1st Cir. 1998). The First Circuit

---

[1] As previously mentioned, the ADA and the Rehabilitation Act operate on equal footing, the only distinction being whether or not the aggrieved party works at a federal facility, for a federal contractor or for a recipient of federal financial assistance. Therefore, the analysis is the same.

explicitly found that prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice. Id., *citing to* Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir. 1995); Robinson v. Willow Glen Acad., 895 F.2d 1168, 1169 (7th Cir. 1990); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987); Taylor v. Bunge Corp., 775 F.2d 617, 619 (5th Cir. 1985); Cardio-Medical Assoc. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983); Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir.1982); see also López-Báez v. Sears Roebuck Corp., 102 F. Supp. 2d 65, 67 (D.P.R. 2000) ("in determining whether the present case is timely, the Court must make its analysis as though case number 97-2519 (HL) had never been filed" and declining to find that a new 90-day period started to run when the first case was dismissed without prejudice).

The Court of Appeals concluded that in such cases, dismissal of the original suit, even though labeled as without prejudice, "nevertheless may sound the death knell for the plaintiff's underlying cause of action if the sheer passage of time precludes the prosecution of a new action." Chico-Vélez, 139 F.3d at 59. It further held that, even if the pendency of the earlier suit had suspended the running of the 90-day limitation period, the plaintiff in that particular case would still not prevail, as the period would have commenced anew when the district court dismissed the first action and more than 90 days had elapsed between that date and when the complaint was filed. Id.

The same situation applies to the present case. The outcome of Plaintiff's last administrative claim was received by her on April 7, 2019. She filed her First Civil Case before this Court on January 17, 2017, which was timely brought after her first administrative case, and she subsequently amended that complaint to encompass all

three administrative cases. The dismissal without prejudice of her First Civil Case occurred on June 3, 2021. Pursuant to Chico-Vélez, this dismissal without prejudice, even if it was not on the merits, operated as if "no suit had ever been filed." Chico-Vélez, 971 F.Supp. at 60; see also Skidmore, 198 F. Supp. 2d at 135 ("in determining whether the present ADA claim is timely, the Court may not consider either of the previous cases that Rasmussen filed in federal court"). Thus, Plaintiff's claims "jumped back" to the time before the filing of the First Civil Case, and her deadline to file any action relating to the administrative claims was July 9, 2019, 90 days after receipt of the last letter advising her of her rights. Plaintiff filed the present case on December 31, 2021, well past the 90-day mark. Consequently, the case at bar is time-barred.

Plaintiff's opposition is brief and not very clear, but seems to argue that the filing of the First Civil Case tolled her claim under Puerto Rico law, which provides that a statute of limitations is tolled by the filing of an action in court. See 31 P. R. Laws Ann. tit. 31, § 9489 (2020); see also Tokyo Marine and Fire Ins. v. Perez & Cia. de Puerto Rico, 142 F.3d 1, 4 (1st Cir. 1998). State or local laws on tolling, however, are inapplicable to a claim under a federal law for which Congress has provided a statute of limitations, and the dismissal without prejudice of an employment discrimination claim simply does not serve to toll the statute of limitations. Garfield, 57 F.3d at 665-66; Bratton v. Bethlehem Steel Corp., 649 F.2d 658, 665 (9th Cir. 1980). Chico-Vélez, 139 F.3d at 59. This argument is therefore inapposite.

For the sake of the argument, even if the Court were to consider that Plaintiff's First Civil Case suspended the running of the 90-day limitation period, the instant case would still be untimely as the First Civil Case was dismissed on June 3, 2021 and Plaintiff

filed the instant action on December 31, 2021.

The only way that Plaintiff's claims could survive is if equitable tolling were to apply. Nonetheless, Plaintiff's opposition failed to argue how this doctrine would be applicable to her claims. Plaintiff admits in page 2 of her opposition that the applicable limitations period is subject to equitable tolling, but offers no argument or caselaw in support thereof. (Docket No. 25). The documents issued by the USDA were very clear in advising Plaintiff of all her appeal rights and filing requirements with each and every final action, and Plaintiff has not argued otherwise. Plaintiff also failed to assert that any of the other conditions applicable for tolling were present in this case, such as misconduct by Defendant, or that the Court somehow misled her.

On the contrary, Plaintiff's previous claim was dismissed for her own failure to prosecute even after the Court gave her ample time to comply and explicitly warned her that failure to comply with the Court's order would result in dismissal of her case. Thus, Plaintiff was fully warned of the consequences of her actions. See Farris v. Shinseki, 660 F.3d 557, 563 (1st Cir. 2011) ("Plaintiff generally cannot avail herself of the doctrine if she is responsible for the procedural flaw that prompted dismissal of her claim; in other words, equitable tolling will not rescue a plaintiff from his or her lack of diligence.")

Finally, and to the extent that Plaintiff is attempting to amend her Complaint via her opposition to argue that her claims are now being brought under 28 U.S.C. § 1343, as opposed to under the Rehabilitation Act, she has waived this claim by failing to include it in her Complaint in the first place and has not filed leave to amend. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Such an amendment would be precluded in this particular case, as Title VII and the Rehabilitation Act are the exclusive remedies afforded

to a claimant in employment discrimination cases, to the exclusion of all others. See Díaz-Romero v. Ashcroft, 472 F. Supp. 2d 156, 161 (D.P.R. 2007); Stoll v. Principi, No. 02-2761, 2005 WL 4542884, at *4-5 (D.P.R. Aug. 2, 2005).

In sum, Plaintiff has presented no argument to justify the application of the equitable tolling doctrine to her claims.

## CONCLUSION

For the above-mentioned reasons, Defendant Tom Vilsack's Motion to Dismiss (Docket No. 18) is GRANTED and this case is DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 31st day of January 2023.

                                              S/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ RIVE
                                              UNITED STATES DISTRICT JUDGE